# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

GAKUBA, PETER )
_____ )
_____ ) Case Number: 19-1081-SMY
_____ )
_____ ) *(Clerk's Office will provide)*
_____ )
*Plaintiff(s)/Petitioner(s)* )
v. )
) ☒ CIVIL RIGHTS COMPLAINT
) pursuant to 42 U.S.C. §1983 (State Prisoner)
VIENNA { SWEUS, MATTHEW (#1 WARDEN) ) ☐ CIVIL RIGHTS COMPLAINT
IL. { BARWICK, JOHN (#2 WARDEN) ) pursuant to 28 U.S.C. §1331 (Federal Prisoner)
STATE { WRIGHT, CATHERINE (PROPERTY MGR.) ) ☐ CIVIL COMPLAINT
PRISON { HENDERSON, MR. (DIETARY SUP.) ) pursuant to the Federal Tort Claims Act, 28 U.S.C.
NURSE PRACTITIONER #1 (ALISA) + ) §§1346, 2671-2680, or other law
JOHN + JANE DOES 1-50
*Defendant(s)/Respondent(s)*

ROBINSON { NEESE, MICHELLE (#1 WARDEN) JOHN + JANE DOES 1-50
IL. { WAMPLER, APRIL (ASST. TO WARDEN)
STATE { HELREGEL, MS. (CHIEF PSYCHOTHERAPIST)
PRISON { SHAH, DR. (DOCTOR)
{ DIRECTOR, ROBINSON HEALTHCARE
{ DUNLAP, MS. (LIBRARIAN)
{ JOHNSON, AREDE (AAG, REPRESENTS #1 WARDEN)
{ ROBINSON PROPERTY MGR (ALISIA "LITTLE JOHN")

## I. JURISDICTION

### Plaintiff:

**A.** Plaintiff's mailing address, register number, and present place of
confinement.   PETER GAKUBA (M52946)     + { TRANSFER COORDINATOR
VIENNA CC           { STAFF # 1-20
6695 STATE RT., 146 EAST
VIENNA, IL 62995

**Defendant #1:** SWEUS, MATTHEW (#1 WARDEN) ROBERTSON, SARAH (GRIEVANCE OFC.)
INDIVIDUAL + OFFICIAL  BARWICK, JOHN (#2 WARDEN) PAHLER, KARIN (LIBRARIAN)
CAPACITIES  WRIGHT, CATHERINE (PROPERTY MGR) NILE, ANGELA (TRUST FUND OFC.)
**B.** Defendant   HENDERSON, MR. (DIETARY SUP.) is employed as
            (a)     (Name of First Defendant)
      NURSE PRACTITIONER #1 ("ALISA")
      JOHN + JANE DOES 1-50
_____
            (b)     (Position/Title)
_____
with   VIENNA CORREC. CTR. (IL. DEPT. OF CORREC.)
_____
            (c)     (Employer's Name and Address)
      6695 STATE RT., 146 EAST
      VIENNA, IL 62995
_____

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the <u>state</u>, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain:
      IL. DEPT. OF CORREC. (IDOC) STAFFERS

**Defendant #2:**   NEESE, MICHELLE (#1 WARDEN)
INDIVIDUAL + OFFICIAL   WAMPLER, APRIL  (ASST. TO WARDEN)
CAPACITIES   HEL REGEL, MS  ( CHIEF PSYCHOTHERAPIST)
   SHAW, DR  (DOCTOR)

C.   Defendant   PROPERTY MGR  (A(K)A "LITTLE JOHN")   is employed as
   DIRECTOR, ROBINSON HEALTHCARE
   (Name of Second Defendant)
   DUNLAP, MS. (LIBRARIAN )
   JOHN + JANE DOES 1-50
   (Position / Title)

with   ROBINSON CORREC. CTR.
   (Employer's Name and Address)
   13423 E. 1150 TH AVE.
   ROBINSON, IL 62454

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain:
   IL. DEPT. OF CORREC. (IDOC) STAFFERS

**Additional Defendant(s) (if any):**

D.   Using the outline set forth above, identify any additional Defendant(s).
   JOHNSON, AREDE  ( AAG, REPRESENTS #1 WARDEN : CAWUBA V. RAIHS 19cv 0437 (S.D.IL.))
   IL. ATTY. GEN'L
   100 RANDOLPH RD., 12TH FLOOR
   500 SOUTH 2ND STREET
   SPRINGFIELD, IL 62701

   TRANSFER COORDINATOR STAFF #1-20
   1301 CONCORDIA CT.
   P.O. BOX 19277
   SPRINGFIELD, IL 62794-9277

   WEXFORD HEALTH
   (RESPONDEAT SUPERIOR)

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?   ☒Yes ☐No

NO "STRIKES"

B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.   You must list ALL lawsuits in any jurisdiction, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s):  ① GAKUBA, PETER V. OTEY, KAREN ET AL 17CY1075 (S.D.IL.)
② GAKUBA V. HARVEY, JUSTIN ET AL 18CY4005 (C.D.IL.)
③ GAKUBA V. KHEM 18CY1065 (S.D.IL.)
④ GAKUBA V. RAINS, DAVID 19CY0437 (S.D.IL.)
Defendant(s):  ⑤ GAKUBA V. BROWN, DOROTHY 19CY5479 (N.D.IL.)
⑥ GAKUBA V. NEESE, MICHELLE 17CY50337 (N.D.IL.)

2.    Court (if federal court, name of the district; if state court, name of the county):   SEE ABOVE

3.    Docket number:   SEE ABOVE

4.    Name of Judge to whom case was assigned: ① JUDGE YANDLE ② JUDGE SHADID ③ JUDGE ROSENSTAGEL ? ④ JUDGE ROSENSTAGEL ⑤ JUDGE THARP ⑥ JUDGE LEE

5.    Type of case (for example: Was it a habeas corpus or civil rights action?): ① – ⑤ CIVIL RIGHTS  ⑥ HABEAS CORPUS

6.    Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?): ① – ⑤ PENDING
⑥ APPEALED, E.B.DIV.P. GO PENDING

7.    Approximate date of filing lawsuit: YEARS FOUND IN DOCKET #
E.G. ① 17CY1075 = 2017

8.    Approximate date of disposition:   ① - ⑥ PENDING

9.    Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"   NONE FOR MY CASE(S) ANY

## III.    GRIEVANCE PROCEDURE

A.    Is there a prisoner grievance procedure in the institution? ☒ Yes    ☐ No

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?                                                ☒ Yes    ☐ No

C.    If your answer is YES,
    1.    What steps did you take? - FILED ＊EMERGENCY＊ GRIEVANCES
        - (WRONGLY) DESIGNATED AS NOT AN EMERGENCY
        - COPIED IDOC'S ADMIN. REVIEW BOARD
        - RE-SUBMITTED AS NON-EMERGENCY

    2.    What was the result?
    GRIEVANCES PENDING FINAL DISPOSITION
    LIKE ALL GRIEVANCES, EXPECT DENIAL W/UNINTELLIGIBLE REASONING OR IRRATIONALE

D.    If your answer is NO, explain why not.

E.    If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?                                ☐ Yes    ☐ No

F.    If your answer is YES,
    1.    What steps did you take?

    2.    What was the result?

G.   If your answer is NO, explain why not.

H.   Attach copies of your request for an administrative remedy and any
     response you received.  If you cannot do so, explain why not:

     SEE ATTACHMENTS  ( TO 8 PAGE HANDWRITTEN PLEADING )

IV.   STATEMENT OF CLAIM

A.   State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

SEE ACCOMPANYING 8 PAGE HANDWRITTEN PLEADING w/ ATTACH. 1-7

**V.    REQUEST FOR RELIEF**  *HEARING - ORAL ARGUMENT + EVIDENCE - REQUESTED BY VIDEO OR TELEPHONE*

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

*HEARING REQUESTED*

① MONETARY DAMAGES: ACTUAL, COMPENSATORY, PUNITIVE DAMAGES TOTALING + $52 MILLION

② * EMERGENCY * EQUITABLE RELIEF = TRO, PRELIM. + PERM. INJUNC., DECLARATORY JUDGMENT ORDERING THE TRANSFER (IMMEDIATE) OF GAKUBA TO = ROBINSON, JACKSONVILLE, TAYLORVILLE WHICH HAVE A/C, SPRING BUNKS + BED PADS, PRISONER LEGAL DOCS STORED AT THE PRISON LAW LIBRARY (NOT 2 BLOCKS AWAY IN A PROPERTY WAREHOUSE), FOR PHYSICALLY HANDICAPPED PRISONERS (LIKE GAKUBA), CATER TO FOOD ALLERGIC PRISONERS (LIKE GAKUBA) AS ALL 3 ARE IDENTICAL IN DESIGN, YEAR OF BUILD (1992), OPERATIONS.

**VI.    JURY DEMAND** (*check one box below*)

*FOR ARGUMENT + EVIDENCE*

The plaintiff ☒ does ☐ does not request a trial by jury.

→ VIA VIDEO OR TELEPHONE

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on:    9/27/2019          _____
                  (date)                Signature of Plaintiff

VIENNA PRISON
6695 STATE RT., 146 EAST          PETER GAKUBA (M52946)
Street Address                    Printed Name

VIENNA, IL 62995                  M52946
City, State, Zip                  Prisoner Register Number

_____
Signature of Attorney (if any)

GAKUBA, PETER
PL.

VS.

SWELLS, MATTHEW ETAL.
DEFTS.

U.S.D.C. - S.D.IL.

```
┌─────────────────┐
│    PARTIES      │
└─────────────────┘
```

PLAINTIFF:

PETER GAKUBA (M52946)   VIENNA PRISON
6695 STATE RT., 146 EAST   VIENNA, IL 62995

VS.

DEFENDANTS: INDIVIDUAL + OFFICIAL CAPACITIES  * VIENNA PRISON
6695 STATE RT. 146 EAST   VIENNA, IL 62995

**VIENNA**

SWELLS, MATTHEW (#1 WARDEN)   BARWICK, JOHN (#2 WARDEN)

WRIGHT, CATHERINE (PROPERTY MGR.)   HENDERSON, MR. (DIETARY SUP.)

NURSE PRACTITIONER #1 ("ALISA")   ROBERTSON, SARAH (GRIEVANCE OFC.)

PAHNER, KARIN (LIBRARIAN)   MIZE, ANGELA (TRUST FUND OFC.)

JOHN + JANE DOES 1-50

**ROBINSON**

DEFENDANTS: INDIVIDUAL + OFFICIAL CAPACITIES *   ROBINSON PRISON   13423 E. 1150TH AVE.
6695 STATE RT. 146   ROBINSON, IL 82454

WAMPLER, APRIL (ASST. TO WARDEN)   NEESE, MICHELLE (#1 WARDEN)

SHAH, DR. (PHYSICIAN, WEXFORD)   HELREGEL, MS. (CHIEF PSYCHOTHERAPIST)

DIR. ROBINSON HEALTHCARE   ROBINSON PROPERTY MGR. (A/K/A "LITTLE JOHN")

JOHN + JANE DOES 1-50   DUNLAP, MS. (LIBRARIAN)

IL. ATTY. GEN'L.
* JOHNSON, AREDE   500 SOUTH 2ND STREET   SPRINGFIELD, IL 62701
(REPRESENTS #1 WARDEN: GAKUBA v. RAINS 19CV0437 (S.D.IL.))

IDOC   P.O. BOX 19277
* TRANSFER COORDINATOR STAFF 1-20   1301 CONCORDIA CT.   SPRINGFIELD, IL 62794-9277

WEXFORD HEALTH SVCS.

(RESPONDENT SUPERIOR)

GAKUBA, PETER
TL.

v.   SWEUS, MATTHEW ET AL.

DEFTS.

CASE #

U.S.D.C. - S.D.IL.

## STATEMENT OF FACTS

① PREFACE : THIS CASE IS THE SEQUEL TO GAKUBA v. RAINS, ET AL 19CV0437 (S.D.IL.) WHEREBY ROBINSON PRISON STAFFERS SOUGHT TO RESTRICT GAKUBA'S ACCESS TO THE COURTS ; GAKUBA ORALLY COMPLAINED ; WROTE GRIEVANCES ; BUT NOT BEFORE RETALIATION HAPPENED : AN AUGUST/SEPTEMBER 2019 INVOLUNTARY PRISON TRANSFER FROM ROBINSON → VIENNA. BOTH FLAGRANT AND EGREGIOUS AS NOVEMBER 2018 GAKUBA WAS LETTERED THAT THE THEN INVOLUNTARY PRISON TRANSFER FROM ROBINSON → VIENNA WAS DENIED. IN GAKUBA 19CV0437 (S.D.IL.) THEN WARDEN DAVID RAINS WAS NOTICED OF GAKUBA'S SUIT NAMING HIM AS A DEFENDANT IN SEPT. 2017: GAKUBA v. RAINS 17CV6719 (N.D.IL.) A MONTH LATER, OCT. 2017, GAKUBA WAS INVOLUNTARILY PRISON TRANSFERRED FROM ROBINSON → E. MOLINE. JUDICIAL NOTICE (FRE 201): GAKUBA v. HARVEY, ET AL 18CV4005 (C.D.IL.).

② NOW, JULY 2019, WARDEN MICHELLE NEESE WAS SERVED SUMMONS IN JULY 2019 PROMPTING A RETALIATORY PRISON TRANSFER FROM ROBINSON → VIENNA IN AUGUST 2019 WHEN GAKUBA ALREADY HAD BEEN DENIED THAT SAME TRANSFER IN NOV. 2018 OFFICIALLY AND IN RESPONSE TO GAKUBA'S COMPLAINTS/GRIEVANCES FROM AUGUST/SEPTEMBER 2018 UPON HIS ROUND TRIP RETURN TO ROBINSON FROM E. MOLINE. DISTURBING GIVEN THAT GAKUBA GRIEVED HIS INVOLUNTARY TRANSFER FROM ROBINSON → E.MOLINE WHICH IL. DEPT. OF CORREC. (IDOC) CONCLUDED GAKUBA WAS "PROPERLY" PLACED AT E. MOLINE OCT. 2017 ONLY TO THEN INVOLUNTARILY PRISON TRANSFER GAKUBA FROM E. MOLINE → ROBINSON JUNE 2018 IN RETALIATION FOR GAKUBA 18CV4005 (C.D.IL.). 1ST AMEND. VIOLS. THRU- AND-THRU.

## FACTUAL BACKGROUND / HISTORY

③ GAKUBA HAS A SUSCEPTIBILITY TO HEAT STROKES. A MIDDLE-AGED BLACK MALE WHITE COLLAR PROFESSIONAL (HEDGE FUND MGR., ENERGY TRADER, INVESTMENT ADVISOR) ACCEPTED TO JOHNS HOPKINS & STANFORD, GAKUBA'S ENTIRELY LIFE HAS BEEN SPENT INDOORS IN AIR CONDITIONING (A/C).

④ FURTHER, GAKUBA HAS ACUTE ENVIRONMENTAL ALLERGIES AND A FOOD ALLERGY TO SEAFOOD.

⑤ MOREOVER, A CHILDHOOD BACK INJURY (3 FRACTURED VERTEBRATE) LEFT HIM W/ LIMITED MOBILITY THAT NOW HAS BEEN AGGRAVATED BY A 2016 BACK INJURY IN PRISON AT ROBINSON, RESULTING IN DEBILITATING CONSTANT PAIN REQUIRING A "BOTTOM BUNK PERMIT" AND BED PAD WHILE RESTING ON SPRING BUNKS --

VIENNA BUNKS ALL ARE STEEL SLABS (AND THEY CONFISCATED GAKUBA'S BED PAD UPON ARRIVAL).

(6) WITH NO CRIMINAL HISTORY OF ANY KIND, GAKUBA'S FALSE IMPRISONMENT BEGAN IN JULY 2015 AT ROBINSON.

(7) IN JULY 2015 GAKUBA WAS TRANSFERRED TO DIXON ON A COURT WRIT FOR 2 WEEKS. THIS WAS OVER GAKUBA'S OBJECTIONS AS ROBINSON HAD A/C; DIXON DID NOT.

(8) GAKUBA'S MEDICAL RECORDS DOCUMENT GAKUBA SUFFERED A HEAT STROKE AT DIXON AND SPENT A DAY IN THEIR PRISON HOSPITAL (WHICH HAD A/C).

(9) FROM JULY 2015 → OCTOBER 2017 GAKUBA STAYED AT ROBINSON.

(10) FROM OCT. 2017 → JUNE 2018 GAKUBA WAS INVOLUNTARILY PRISON TRANSFERRED FROM ROBINSON → E. MOLINE IN RETALIATION FOR GAKUBA v. RAINS 17cv6719 (N.D.IL.). THEN WARDEN RAINS MISTOOK THIS HABEAS CASE FOR A CIVIL SUIT AS THE CULMINATION OF GAKUBA'S COMPLAINTS/GRIEVANCES AGAINST ROBINSON STAFFERS. FRE 201 = GAKUBA v. RAINS 19cv0437 (S.D.IL.).

(11) GAKUBA COMPLAINED/GRIEVED THE TRANSFER AS AN *EMERGENCY* FOR SEVERAL REASONS: A PRISONER COURT WRITTED FROM E. MOLINE → ROBINSON ADVISED GAKUBA THAT IT HAD NO DEDICATED LIBRARIAN RESULTING IN CLOSURES LASTING WEEKS. WORSE STILL, IT HAD NO A/C AND NO PRISONERS RECEIVING KOSHER MEALS (GAKUBA BECAME 1 OF 2 WHILE THERE).

(12) GAKUBA'S *EMERGENCY* GRIEVANCES IDOC DENIED CONCLUDING GAKUBA WAS "PROPERLY PLACED AT E. MOLINE.

(13) IN MAY 2018 GAKUBA WAS INTERVIEWED AND APPROVED FOR A VOLUNTARY PRISON TRANSFER FROM E. MOLINE → TAYLORVILLE. TAYLORVILLE HAS A/C, SPRING BEDS w/ BED PADS, AND (GAKUBA WAS TOLD BY E. MOLINE STAFF WHO INTERVIEWED GAKUBA) A DEDICATED LIBRARIAN = NO CLOSURES.

(14) JUNE 2018 GAKUBA WAS INVOLUNTARILY PRISON TRANSFERRED FROM E. MOLINE → ROBINSON; NOT TAYLORVILLE.

(15) LIKE E. MOLINE, ROBINSON HAD NO DEDICATED LIBRARIAN; THEIR LAST ONE QUIT OCT. 2016. GAKUBA BEING PRO SE IN NUMEROUS CASES NEEDED LIBRARY ACCESS AND COMPLAINED/GRIEVED THE LACK THEREOF AT ROBINSON.

(16) NOVEMBER 2018 GAKUBA WAS LETTERED THAT AN INVOLUNTARY PRISON TRANSFER FROM ROBINSON → VIENNA WAS DENIED.

(17) DECEMBER 2018 ROBINSON HIRED A DEDICATED LIBRARIAN. JULY 2019 SHE GAVE HER 2 WEEKS NOTICE AND QUIT.

(18) JULY 2019 THE DEFENDANTS IN GAKUBA v. RAINS 19cv0437 (S.D.IL) WERE SERVED.

(19) AUGUST 2, 2019 GAKUBA WAS TOLD ROBINSON SOUGHT GAKUBA'S PRISON TRANSFER TO VIENNA BY TINKERING w/ GAKUBA'S SECURITY DESIGNATION.

(20) August 29, 2019 Gakuba received an August 27, 2019 dated letter that an involuntary prison transfer by April Wampler (Asst. to Warden Neese) from Robinson → Vienna was approved.

(21) August 30, 2019 Gakuba sought court ordered *EMERGENCY* equitable relief by prison legal mailing that day his motion w/ attached *EMERGENCY* grievances in Gakuba v. Rains 19CV0437 (SDIL).

(22) August 30, 2019 Gakuba made copies of said motion w/ grievances at Robinson's "Clinical Services" which Wampler's office (w/her present) and Neese's office are located. Upon seeing Gakuba, Wampler shut her glass office door. When Gakuba beckoned the copy-making secretary to hand Wampler Gakuba's *EMERGENCY* grievance for immediate review by Warden Neese, Wampler refused; retorting that Gakuba should submit his *EMERGENCY* grievances the "normal way."

(23) The normal way : place grievance(s) in designated receptacles in prisoners' cell blocks for prison counselors to collect whenever : delays.  See Attachment #1

(24) August 30, 2019 Gakuba suffered a nervous breakdown ; a susceptibility due to Autism- Asperger's. A prison "crisis" staffer saw Gakuba ; then chief psychotherapist Helregel ; then prison Dr. Shah.

(25) While awaiting to see Dr. Shah, a cafeteria prison worker had a heat stroke at the lunch hour as Robinson's cafeteria a/c broke in June 2019. Shah and prison nurses were preoccupied resuscitating this gravely ill prisoner while debating whether to "call an ambulance." Shah refused, insisting they "wait and see." Gakuba avoided a similar health scare by skipping meals.

(26) Rejecting Gakuba's complaints of chest pains, dizziness, nausea, fatigue Shah stated that the prison's healthcare lacked the diagnostic equipment (e.g. EKG) to diagnose Gakuba's illness. Shah refused to place a "medical hold" on Gakuba but would discuss the possibility w/ Robinson's healthcare director.

(27) Psychotherapist Helregel advised Gakuba she spoke w/ Warden Brookhart (2nd in command) who told her he'd meet Gakuba when "free." Gakuba responded that could be "5 years from now" which Helregal replied it's all she can do and had a lot of other prisoners to see before walking off. Note : from June - August 2019 Gakuba requested ~5 times psychotherapy which Helregel acknowledged receipt but was too "busy" to act on any of them.

(28) In desperation to halt this involuntary prison transfer, Gakuba directed his own mother

3|8

(A PARALEGAL BY EXPERIENCE) TO CONTACT AAG "AREDE JOHNSON" (COUNSEL FOR WARDEN NEESE IN GAKUBA V. RAINS 19CV0437 (S.D.IL.)) AND OFFER TO SETTLE THAT CASE IF THE WARDEN DEFENDANTS AGREED TO STOP THEIR PERPETUAL PRISON TRANSFERS OF GAKUBA FROM ROBINSON.

(29) THE RESPONSE BY AAG JOHNSON WAS FOR GAKUBA TO "CONTACT THE INSTITUTION'S ADMINISTRATION" AS ONLY THEY CAN DO SOMETHING ABOUT IT. THIS WAS A SPIN. NON-SEQUITOR. -- BY RECORDED TELEPHONE NO LESS.

(30) SEPTEMBER 4, 2019 GAKUBA WAS TRANSFERRED.

(31) (NOTE: AUGUST 26, 2019 LIBRARIAN (TEMP.) DUNLAP TOLD GAKUBA 5 LEGAL MAILINGS/MONTH WAS HIS NEW LIMIT. GRIEVANCES: ROBINSON (.STATUS UNKNOWN) & VIENNA

(32) SEPTEMBER 5, 2019 GAKUBA FILED 3 * EMERGENCY * GRIEVANCES: (1) RE: GAKUBA'S HEAT STROKE ISSUES (2) GAKUBA'S BACK INJURIES AGGRAVATED NOW BY GAKUBA'S LACK OF SPRING BUNK + BED PAD; (3) THE MALICIOUS DESTRUCTION OF GAKUBA'S + 4 YEAR'S OF LEGAL DOCS COMPRISING ~ 14 (40LBS) BANKER BOXES FOR WHICH 1/3 IS MISSING, 2/3 DESTROYED. SEE ATTACHMENTS 2,3,4.

(33) SEPTEMBER 5, 2019 GAKUBA'S LEGAL DOCS WERE MALICIOUSLY DESTROYED. VIENNA'S PROPERTY MGR. "CATHERINE WRIGHT" WAS UPSET: EXCLAIMING SHE'D NEVER SEEN ANYTHING LIKE IT AND SHE ASKED #2. "WARDEN BARWICK" TO TAKE PICTURES SO SHE WOULDN'T BE LIABLE AND "GET FIRED" OR LOSE HER JOB. SEE ATTACHMENT #4.

(34) SEPTEMBER 3, 2019 ROBINSON'S PROPERTY MGR. (A/K/A "LITTLE JOHN") EXPRESSED HIS IRE AT GAKUBA'S ~14 (40LB) BANKER BOXES OF LEGAL DOCS COMPLAINING HE DIDN'T HAVE ENOUGH PERMANENT/HARD-DURABLE-PLASTIC BOXES THAT EASILY PROTECTS THE CONTENTS; INSTEAD, GAKUBA WOULD HAVE TO SETTLE FOR CARDBOARD COPY PAPER BOXES.

(35) IN RESPONSE TO GAKUBA'S COMPLAINTS/OBJECTIONS THAT THE CARDBOARD LIDS NEEDED TO EITHER BE TIED DOWN OR TAPED SHUT, "LITTLE JOHN" COMPLAINED ABOUT USING UP ALL HIS PACKING TAPE ADDING: "THEY SHOULD BE FINE."

(36) GAKUBA DOES NOT KNOW WHO TO BLAME; THUS, BLAMES EVERYONE AT BOTH PRISONS.

(37) SEPTEMBER 10, 2019 GAKUBA SUFFERED HIS 1ST HEAT STROKE. AN EMERGENCY "CODE 3" WAS CALLED AND GAKUBA STAYED IN VIENNA'S A/C HEALTHCARE UNTIL SEPTEMBER 11, 2019.

(38) SEPTEMBER 11, 2019 NURSE PRACTITIONER "ALISA" DEEMED GAKUBA "STABLE" AND DIRECTED GAKUBA TO

RETURN TO HIS CELL -- OVER HIS STRIDANT OBJECTIONS.

(39) SEPTEMBER 11, 2019 #1 WARDEN/ "CHIEF ADMIN. OFFICER" MATTHEW SWELLS FALSELY CONCLUDED THESE 3 *EMERGENCY* GRIEVANCES AS NON-EMERGENCY MATTERS. SEE ATTACH. 2, 3, 4.

(40) LATER, GAKUBA WOULD RE-SUBMIT THE 9/5/2019 3 GRIEVANCES AS NON-EMERGENCIES. GAKUBA BELIEVES THEY WILL NOW PLOD THROUGH THE EXHAUSTION OF ADMIN. REMEDIES PROCESS THAT TAKES UP TO 4 MONTHS AT THE PRISON INSTITUTION LEVEL, THEN, UP TO 6 MORE MONTHS AT HEADQUARTERS.

(41) THE HEAT STROKE GRIEVANCE GAKUBA POINTS TO PRISONER "MIKE LILLY" WHO UPON ARRIVAL AT VIENNA IN 2018 COMPLAINED THAT NO A/C (AND THE HOT SOUTH CLIMATE) AGGRAVATED HIS DECADE(S) OLD SKIN GRAFTS FOR FACE BURNS. WITHIN 2 WEEKS, LILLY WAS TRANSFERRED FROM VIENNA → ROBINSON. TO DATE, NOT SO FOR GAKUBA - EQUAL PROTECTION VIOL.; RETALIATORY TRANSFER MALICE MOTIVATED. SEE ATTACH. 2.

(42) SEPTEMBER 9, 2019 GAKUBA FILED 2 *EMERGENCY* GRIEVANCES: (1) ENVIRONMENTAL + FOOD (SEAFOOD) ALLERGY; (2) INSECURE LEGAL DOCS AT VIENNA'S "PROPERTY" WAREHOUSE. SEE ATTACHMENTS 5, 6.

(43) SEPTEMBER 11, 2019 #1 WARDEN SWELLS FALSELY DEEMED THEM TO BE NON-EMERGENCY MATTERS. GAKUBA LATER SUBMITTED THEM AS SUCH, AGAIN, LIKE THE 3 GRIEVANCES FROM 9/5/2019.

(44) ALL ATTACHMENTS (1-6) ARE REFERENCED IN THIS COMPLAINT AS IF FULLY RESTATED HEREIN.

(45) NOTE: 9/4/2019 GAKUBA SPOKE W/ VIENNA'S DIETARY SUPERVISOR "HENDERSON" WHO REJECTED GAKUBA'S REQUEST FOR NO SEAFOOD MEALS CLAIMING, UNLIKE ROBINSON, VIENNA DOES NOT DO "SPECIAL NEEDS" DIETS. DELIBERATE INDIFFERENCE.

(46) FINALLY, BECAUSE GAKUBA REASONABLY SUSPECTS A CONSPIRACY IMPLICATING BEHIND-THE-SCENES CO-CONSPIRATORS, "JOHN + JANE DOES 1-50" ARE NAMED AT VIENNA & ROBINSON.

(47) MOREOVER, GAKUBA COPIED THE SPRINGFIELD, IL "TRANSFER COORDINATOR OFFICE (TCO)" ON/ABOUT 8/29/2019 GAKUBA'S EQUITABLE RELIEF FILING HOLDING THEM LIABLE AS THE FINAL DECISION-MAKER ON ALL IDOC PRISONER TRANSFERS. GAKUBA v RAINS 19 CV 0437 (S.D. IL.); SEE ATTACHMENT #7.

INEFFECTIVE/INADEQUATE LAW LIBRARY RESOURCES + TIME = DENIAL ACCESS TO COURTS

(48) FROM 7/2015 TO 8/2019 GAKUBA WAS PRIMARILY IMPRISONED AT ROBINSON PRISON. GAKUBA'S PRO SE SELF-REPRESENTATION IN CRIMINAL APPEALS + CIVIL SUITS = 11 TOTAL. ACCORDINGLY, GAKUBA WAS LAW LIBRARY "CALL PASSED" AT ROBINSON 4 DAYS/WEEK, 90-120 MIN./DAY = 6-8 HOURS/WEEK. THIS WAS STILL INADEQUATE/INEFFECTIVE GIVEN THE QUANTITY OF LEGAL RESEARCH NEEDED PER CASE.

(49) ROBINSON'S LAW LIBRARY WAS CAPABLE OF ALLOWING 3 VISITS/DAY BUT REFUSED GAKUBA'S REPEATED REQUESTS FOR 3 VISITS/DAY, ALLOWING ONLY 1. ATTACHMENT #8.

(50) GAKUBA * EMERGENCY * GRIEVED THE PROBLEM. THE RESPONSE - NO EMERGENCY. WORSE STILL, SEVERAL MONTHS LATER IN A RETALIATORY MOVE, GAKUBA WAS INSIGNIFICANTLY PRISON TRANSFERRED FROM ROBINSON → VIENNA AUGUST 27, 2019 DESPITE GAKUBA BEING LETTERED NOV. 2018 THAT A ROBINSON-VIENNA TRANSFER WAS DENIED.

(51) NOW, ACCORDING TO VIENNA LIBRARIAN "PANNIER", ONLY 1 VISIT (60-90 MIN.)/WEEK IS ALL GAKUBA CAN/SHOULD EXPECT. THIS IS OBJECTIVELY UNREASONABLE. 1ST AMEND. VIOL.


MALICIOUS DESTRUCTION OF FED'L TRUST FUND FORM PER IFP MOTION = DENIAL ACCESS TO COURTS

(52) ON OR ABOUT 9/16/2019 GAKUBA SUBMITTED AN INDIGENCY FED'L COURT FORM TO BE FILLED OUT BY GAKUBA, BUT, COMPLETED BY THE PRISON TRUST FUND STAFF. THIS WAS TIME CRITICAL. ON OR ABOUT 9/23/2019 THE FORM WAS RETURNED TO GAKUBA INCOMPLETE. SEE ATTACHMENT #9.

(53) A "TRUST FUND OFFR." WROTE ALL OVER THE FORM IN RED INK, COMPLAINING THAT GAKUBA FILLED OUT THE FORM -- MERELY HIS NAME, PRISON, PRISON # -- THE FORM WAS "X'D OUT W/ORDERS NOT TO FILL-OUT ANY PART OF THE FORM, AND, TO RESUBMIT A NEW BLANK FORM.

(54) BUT GAKUBA HAD NO NEW BLANK FORM LEADING TO NEEDLESS DELAY; DENIAL OF ACCESS TO THE COURTS; AND REDRESS IN THIS COMPLAINT.

(55) A 2ND FORM (N.D.IL. VS. S.D.IL.) WAS COMPLETED AND RETURNED TO GAKUBA BY "ANGELA MIZE" WHOSE SCRIPT IS A MATCH. RATHER THAN DESTROYING THE FORM BY WRITING ALL OVER IT -- GRAFFITTI -- MIZE SIMPLY COULD HAVE USED A POST-IT NOTE ADHERED TO THE FORM INSTEAD.

GAKUBA
PL.

4. SWELLS ET AL          U.S.D.C. - S.D.IL.
DEFTS.

CASE #

---

| LIABILITY |

COUNT 1 : RETALIATION FOR GAKUBA 19CV0437 (S.D.IL.) - 1st AMEND. VIOL.
                                ROBERTSON,
VIENNA'S : SWELLS, BARWICK, JOHN + JANE DOES 1-50 ; ROBINSON'S : MEESE, WAMPLER, DUNLAP, PROPERTY

MGR. (A/KA "LITTLE JOHN") ; IL AAG JOHNSON ; TRANSFER COORDINATOR OFFICE STAFF 1-20 HAVE

INDIVIDUALLY +/OR JOINTLY CONSPIRED TO EGREGIOUSLY TRANSFER GAKUBA TO VIENNA PRISON KNOWING

IT WOULD HAVE A DEVASTATING AND IRREPARABLE HARM TO GAKUBA'S PHYSICAL AND MENTAL HEALTH.

NO PENALOGICAL PURPOSE EXISTS AS AN IDENTICAL 11/2018 TRANSFER WAS DENIED.


COUNT 2 : DELIBERATE INDIFFERENCE TO GAKUBA'S PHYSICAL + MENTAL HEALTH AND DISABILITIES
                                ROBERTSON,
VIENNA'S : SWELLS, BARWICK, WRIGHT, HENDERSON, NURSE PRACTITIONER "ALISA", JOHN/JANE DOES 1-50 ;

ROBINSON'S : MEESE, WAMPLER, HELREGEL, SHAH, ROBINSON HEALTHCARE DIR., JOHN/JANE DOES 1-50 ;

IL AAG JOHNSON ; TRANSFER COORDINATOR STAFF 1-20 ; ROBINSON PROPERTY MGR. ("LITTLE JOHN")

INDIVIDUALLY +/OR JOINTLY CONSPIRED TO EGREGIOUSLY DENY GAKUBA PRISON FACILITIES THAT HAD

A/C, LEGAL DOCS SECURELY STORED AT THE "LAW LIBRARY" (VS. A PROPERTY WAREHOUSE 2 BLOCKS

AWAY) THAT IS HANDICAP ACCESSIBLE FOR GAKUBA, AND DOES NOT FORCE GAKUBA TO STARVE THE 3 DAYS

PER WEEK SEAFOOD IS SERVED.


COUNT 3: EQUAL PROTECTION - GAKUBA VS. PRISONER "MIKE LILLY"
                                ROBERTSON,
VIENNA'S : SWELLS, BARWICK, JOHN + JANE DOES 1-50 ; ROBINSON'S : MEESE, WAMPLER, SHAH, HEALTH-

CARE DIR. JOHN/JANE DOES 1-50 ; TRANSFER COORDINATOR OFFICE STAFF 1-20 INDIVIDUALLY +/OR JOINTLY

CONSPIRED TO EGREGIOUSLY TRANSFER GAKUBA FROM AN A/C PRISON HE SPENT ~ 4 YEARS (ROBINSON)

TO A NON- A/C PRISON INAPPOSITE TO PRISONER "MIKE LILLY" WHEN GAKUBA'S UNDISPUTED PLAIN MEDICAL

RECORDS SHOW A HEAT STROKE HISTORY (WHERE 9/10/19 GAKUBA SUFFERED HIS 1st AT VIENNA) AND A

PERIOCULAR FACE NEVUS THAT HEAT/ NON- A/C WORSENS W/ VISION IMPAIRMENT AND MIGRAINES


COUNT 4 : ADA
                ROBERTSON,
VIENNA'S : SWELLS, BARWICK, WRIGHT, NP "ALISA", JOHN/JANE DOES 1-50 ; ROBINSON'S : MEESE, WAMPLER,

4/8

MELREBEL, SHAH, HEALTHCARE DIR., JOHN/JANE DOES 1-50, PROPERTY MGR. "LITTLE JOHN", IL AAG JOHNSON;
TRANSFER COORDINATOR OFFICE STAFF 1-20 INDIVIDUALLY +/OR JOINTLY CONSPIRED TO EGREGIOUSLY
DISREGARD GAKUBA'S PHYSICAL DISABILITY (RESULTING BACK INJURY/PAIN) AND AUTISM BY
SITUATING GAKUBA NOW WHEREBY HE CANNOT LIFT/TRANSPORT 40 LB LEGAL BOXES (LET ALONE 14)
FROM A PROPERTY WAREHOUSE 2 BLOCKS FROM A PRISON "LAW LIBRARY" RESULTING IN GAKUBA'S NERVOUS
BREAKDOWNS, MELTDOWNS, EMOTIONAL DISTRESS, ANXIETY, SLEEP PARALYSIS, PTSD,

COUNT 5 : INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
ALL THE VIENNA, ROBINSON, IL AAG, TRANSFER COORDINATOR STAFF NAMED IN COUNT 4 ARE LIABLE TOO
AS TORTFEASORS FOR GAKUBA'S EMOTIONAL DISTRESS.

COUNT 6 : GROSS NEGLIGENCE OR NEGLIGENCE
ALL THE VIENNA, ROBINSON, IL AAG, TRANSFER COORDINATOR STAFF NAMED IN COUNT(S) 4 (5) ARE LIABLE TOO
AS TORTFEASORS FOR (GROSS) NEGLIGENCE IN FAILING TO OBSERVE AND ACT IN ACCORDANCE W/
GAKUBA'S DOCUMENTED PHYSICAL + MENTAL HEALTH ISSUES AND DISABILITIES.

COUNT 7 : ILLEGAL TORT CONVERSION +/OR MALICIOUS PROPERTY DESTRUCTION +/OR THEFT
                                    ROBERTSON,
VIENNA'S: SWELLS, BARWICK, WRIGHT, JOHN/JANE DOES 1-50; ROBINSON'S: NEESE, WAMBLER, PROPERTY MGR.
"LITTLE JOHN", JOHN/JANE DOES 1-50; IL AAG JOHNSON; TRANSFER COORDINATOR STAFF 1-20 INDIVIDUALLY
+/OR JOINTLY CONSPIRED TO CAUSE THE ILLICIT TORT CONVERSION +/OR MALICIOUS DESTRUCTION +/OR THEFT
OF +4 YEARS OF GAKUBA'S ~ 14 BANKER BOXES OF LEGAL DOCS PAINSTAKINGLY ORGANIZED, METICULOUSLY
PACKED FOR A PRISON TRANSFER GAKUBA ALLUDED TO IN HIS *EMERGENCY* EQUITABLE RELIEF MOTION
IN GAKUBA 19CV0437 (S-DIL) SERVED AS A FOIL/COVER TO DO EXACTLY WHAT NOW HAS BEEN DONE.

COUNT 8 : DEPRIVING ACCESS TO THE COURTS — 1ST AMEND. VIOL.
ALL THE NAMED DEFTS. IN COUNT 7 INDIVIDUALLY +/OR JOINTLY CONSPIRED TO DENY GAKUBA ACCESS TO THE
COURTS AS HIS ~ 14 LEGAL BOXES OF DOCS ARE 1/3 MISSING 2/3 DESTROYED — LEFT IN A TRASH HEAP.

IT WOULD TAKE GAKUBA 120-160 HOURS ( 8 HRS /DAY CONTINUOUS FOR 3-4 WEEKS ) TO REGROUP, REORGANIZE, REQUEST FROM THE COURTS MISSING DOCS, WHICH VIENNA'S PROPERTY MGR. WRIGHT STATED ONLY 30 MIN./WEEK IS ALL THAT'S ALLOWABLE.

## COUNT 9 : CONSPIRACY

COUNTS 1-8 PLAINLY SPECIFY A CONSPIRACY AFOOT BY THE DEFENDANTS IN THIS COMPLAINT UNDER ONE OR MORE LEGAL THEORIES OF LIABILITY.

## COUNT 10 : MEDICAL MALPRACTICE

VIENNA'S: NURSE PRACTITIONER "ALISA", JOHN/JANE DOES 1-50; ADDISON'S: HELREGAL, SHAH, HEALTH CARE DIR JOHN/JANE DOES 1-50   ARE TORTFEASORS HAVING REFUSED TO REASONABLY ADDRESS GAKUBA'S PHYSICAL & MENTAL HEALTH ISSUES AND DISABILITIES/HANDICAPS BY NOT IMPRISONING GAKUBA IN A FACILITY W/ A/C, SPRING BUNKS + BED PADS, HANDICAP/DISABILITY PRISONER ACCESS TO LEGAL DOCS STORED IN/AT THE LAW LIBRARY VERSUS 2 BLOCKS AWAY (VIENNA (: E. MOLINE, GAKUBA v. HARVEY 18C4005 (C.D.IL)) RESULTING IN IRREPARABLE PHYSICAL + MENTAL HARM.

## COUNT 11 : RESPONDEAT SUPERIOR

THE HEALTHCARE DEFENDANTS IN COUNT 10 ARE/WERE EMPLOYEES OF WEXFORD HEALTH WHICH IS IDOC'S INDEPENDENT CONTRACTOR.

GAKUBA
PL.

v.
SWELLS ET AL                    U.S.D.C. ~ S.D.IL
DEFTS.

COUNT 12 ~ DENIAL ACCESS TO COURTS (INEFFEC. "LAW LIBRARY")

VIENNA'S: SWELLS, ROBINSON, ROBERTSON, PAHNIER INDIVIDUALLY +/OR COLLECTIVELY CONSPIRED TO

LIMIT GAKUBA TO 2-3 HRS/WEEK IN VIENNA'S "LAW LIBRARY" DISREGARDING THE UNDISPUTED FACT

THAT GAKUBA IS PRO SE IN +6 PENDING CASES REQUIRING 24-40 HRS/WEEK TO BE EFFECTIVE


COUNT 13 ~ DENIAL ACCESS TO COURTS ( NEEDLESS DELAY IN PROCURING IEP FORMS COMPLETE )

VIENNA'S: SWELLS, ROBERTSON, MIZE INDIVIDUALLY +/OR CUMULATIVELY CONSPIRED TO OBSTRUCT GAKUBA

FROM SUING THEM BY DESTROYING THE NEEDED IEP TRUST FUND FORM FOR PRISONERS RESULTING IN

NEEDLESS DELAY.

8.1/8

FRIDAY, SEPTEMBER 27, 2019

PETER GAKUBA (M52946)                          COURT CLERK

VIENNA C.C                                     U.S.D.C. - S.D.IL.

6695 STATE RT., 146 EAST                       750 MISSOURI AVE.

VIENNA, IL 62995                               EAST SAINT LOUIS, IL 62201


VIA 1ˢᵗ CLASS MAIL

RE: GAKUBA v. SWELLS, ET AL ? (S.D.IL) & REQUEST FOR COPIES OF ALL FILINGS


COURT CLERK:

    ENCLOSED IS A NEW CASE FILING PRESCIENTLY CALLED FOR BY JUDGE ROSENSTAGEL ON
9/24/2019. SEE GAKUBA v. RAINS 19CV0437 (S.D.IL) (ECF 25, P.2).

    ENCLOSED ARE SEVERAL MORE MOTIONS TO: (1) PROCEED IFP ; (2) RECRUIT COUNSEL;
(3) REQUEST FOR HEARING ; (4) *EMERGENCY* EQUITABLE RELIEF ; (5) EXPEDITE, AMONG OTHERS.

    I WAS UNABLE TO FULLY MAKE COPIES OF EVERYTHING DUE TO STATE PRISON STAFFERS
LIMITING MY ACCESS TO THEIR "LAW LIBRARY" (A MERE COPY ROOM).

    CONSEQUENTLY, AFTER FILING/DOCKETING EVERYTHING, WOULD YOU PLEASE RETURN A COPY?
OF EVERYTHING FILE-STAMPED?


                    THANK YOU,

PETER GAKUBA (M52946)
VIENNA C.C.
6695 STATE RT. 146 EAST
VIENNA, IL 62995

MAIL CLEARED
US MARSHAL

COURT CLERK
U.S. DISTRICT COURT - S.D.IL
750 MISSOURI AVE.
EAST SAINT LOUIS, IL 62201

Correspondence is
from an inmate of
IL Dept of Corrections



ZIP 62995
02 4W
0000362333 SEP 30 2019
U.S. POSTAGE ≫ PITNEY BOWES
$ 002.80°



RECEIVED

OCT 0 4 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

