# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PETER GAKUBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-1274-NJR |
| | ) | |
| CATHERINE WRIGHT, KAREN PANNIER, VIENNA CORRECTIONAL CENTER, SERINA LANE, ROB JEFFRYS, SARAH ROBERTSON, MATTHEW SWELLS, JOHN BARWICK, TRAVIS BAYLER, IDOC, and VIENNA MAIL ROOM STAFF #1-10, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On November 19, 2019, this case was severed from *Gakuba v. Swells*, Case No. 19-cv-1081-SMY (Doc. 1). It involves the claims designated as Counts 10 and 11 in the original case, described as follows:

Count 10: First and/or Fourteenth Amendment access to courts claim against Catherine Wright and Karen Pannier for limiting his access to the law library and legal documents at Vienna Correctional Center.

Count 11: First and/or Fourteenth Amendment access to courts claim against Angela Mize for destroying Plaintiff's trust fund form.

Plaintiff was given until January 23, 2020, to inform the Court as to whether he wanted to proceed with this lawsuit (Doc. 12). In response, Plaintiff filed an Amended Complaint (Doc. 13)

1

and a request for equitable relief (Doc. 14), which the Court construes as a determination to pursue this case.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Plaintiff makes the following allegations in his Amended Complaint (Doc. 13): After transferring to Vienna Correctional Center ("Vienna") from Robinson Correctional Center ("Robinson") on September 4, 2019, Plaintiff was taken to his legal materials on September 5, 2019, where he learned from Catherine Wright that the legal documents were in a heap and covered in boot prints. Wright stated that she had never seen anything like that and called warden John Barwick to photograph the documents (*Id.*). Barwick photographed Plaintiff's legal materials and contacted Robinson to determine what happened to Plaintiff's documents. Plaintiff was then instructed to place the documents in plastic boxes. Plaintiff wrote an emergency grievance about the state of his legal documents and asked that the photographs taken by Barwick be preserved. The grievance was deemed not to be an emergency by Warden Swells, and it was then denied by counselor Lane, grievance officer Robertson, Administrative Review Board Director Bayer, and IDOC Director Jeffrys (*Id.*).

From September 5, 2019, to the present, Wright has limited Plaintiff's access to his legal documents to two visits per week for thirty minutes each visit (Doc. 1, pp. 4-5). Plaintiff does not

believe that is enough time to organize fourteen boxes of legal documents covering all of his cases. He also has limited access to the law library at Vienna. From September 4, 2019, to December 4, 2019, Plaintiff was only able to access the library twelve times for 90 minutes each time (*Id*. at p. 5). The law librarian, Karen Pannier, also refuses to allow Plaintiff to photocopy reference materials and to provide him with legal materials including paper, envelopes, and pens and pencils (*Id*. at p. 6). As a result of Pannier's actions, Plaintiff's habeas filings have been late or went missing (*Id*. at p. 8).

Plaintiff also notes that he has had forty pieces of mail that was sent to courts go missing or arrive late (*Id*. at p. 6). Plaintiff submitted a grievance about his mail but Swells deemed it a non-emergency.

## Preliminary Dismissals

Plaintiff identifies Vienna Mailroom Staff #1-10 in the caption of his Amended Complaint. Plaintiff must associate each defendant with specific acts or misconduct or omissions, in order to put each defendant on notice of which claims in the Amended Complaint are directed against him or her. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Plaintiff's Amended Complaint does make reference to missing and late mail, but he fails to provide any specifics as to when the mail went missing, on what date he sent the mail, and what effect those late filings had on his pending cases. *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007) (plaintiff must "give the defendant 'fair notice' of the access claim, including the identification of the underlying claim that was lost"); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) ("a prisoner's complaint must spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions") (quotations omitted). He references one filing with the Supreme Court but the

attached exhibit notes that items were missing due to the destruction of legal materials rather than the attachment not being sent by mail staff (*Id*. at p. 22). Without this identifying information, Plaintiff fails to provide enough information to put each defendant on notice of the claims against them. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Further, Plaintiff's decision to name a large group of individuals, without any identifying information, or any facts as to how each of them violated his constitutional rights fails to state a claim.

To the extent that IDOC and Vienna Correctional Center are listed as parties in Plaintiff's caption, these are not proper parties. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Thus, Plaintiff cannot maintain his claim against Vienna because it is a division of the Illinois Department of Corrections, a state government agency. Based on this authority, neither Vienna nor IDOC are "person[s]" within the meaning of the Civil Rights Act and shall be dismissed from this action. *See Will,* 491 U.S. at 71.

Plaintiff also attempts to allege claims of equal protection, intentional infliction of emotional distress, spoliation, gross negligence, and illegal tort conversion, as well as violations of the Americans with Disabilities Act and Rehabilitation Act but he offers only bare conclusions as to these claims. Accordingly, to the extent he seeks to raise these additional claims they are **DISMISSED without prejudice.**

Plaintiff also alleges that a number of individuals, including John Barwick, Matthew Swells, Travis Baylor, and Rob Jeffrys, are liable for the actions of their subordinates (Doc. 13,

4

p. 6). Defendants cannot be liable on this basis alone because *respondeat superior* liability is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Thus, to the extent Plaintiff tries to raise claims against supervisors for failing to remedy their subordinates actions, those claims are **DISMISSED without prejudice**.

Finally, Plaintiff attempts to raise a number of conspiracy claims against various individuals at Vienna. First, conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir.2008); *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 423 (7th Cir.2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe,* 93 F.3d 418, 422 (7th Cir.1996). Although a plaintiff can allege that individuals conspired to violate his constitutional rights, allegations of a conspiracy have routinely been held to a higher pleading standard than other allegations. *Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012). The Amended Complaint must allege a "plausible account of a conspiracy." *Id.* Bare conclusions are not enough. Likewise, allegations suggesting that there is only a suspicion of a conspiracy do not suffice. Here, Plaintiff offers nothing more than a legal conclusion that the defendants conspired against him. Accordingly, Plaintiff's conspiracy claims are also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

**Count 1:** **First and/or Fourteenth Amendment access to courts claim against Catherine Wright, John Barwick, Matthew Swells, Serina Lane, Sarah Robertson, Travis Bayler, and Rob Jeffrys for the destruction of his legal documents.**

> **Count 2:** First and/or Fourteenth Amendment access to courts claim against Catherine Wright for denying him adequate access to his legal documents.
>
> **Count 3:** First and/or Fourteenth Amendment access to courts claim against Karen Pannier for limiting his access to the law library and legal materials.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

Plaintiff alleges that his legal documents were improperly transferred to Vienna and that he found them in a heap with boot prints on them when he viewed them on September 5, 2019. Plaintiff alleges that Wright informed Plaintiff that his documents were improperly handled and that she reported the destruction to Barwick. He also alleges that Barwick took photographs and spoke with Robinson's warden. He fails, however, to allege that they participated in the destruction of his legal materials. He only alleges in conclusory fashion that they are "culpable" for the destruction of the materials. The allegations suggest that Wright discovered and reported the destruction, and Barwick merely documented it. Nothing in the Amended Complaint suggests that either individual was actually responsible for the destruction of his documents.

As to Matthew Swells, Serina Lane, Sarah Robertson, Travis Bayler, and Rob Jeffrys, Plaintiff alleges that they denied his grievances regarding the destruction of his legal materials. The denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v.*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Plaintiff only alleges that Swells, Lane, Robertson, Bayler, and Jeffrys denied his grievances, which does not state a claim. Accordingly, Count 1 is **DISMISSED without prejudice**.

## Counts 2

Plaintiff also fails to state a claim against Wright for his limited access to his legal boxes. Although Plaintiff alleges that he does not have adequate time to organize his fourteen boxes of legal materials which include documents relevant to present cases, he fails to allege that a current case has been prejudiced by this limited access. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d at 671 (internal quotation and citation omitted). Plaintiff merely states that the documents in his legal boxes relate to his past and present cases, but he fails to allege that he has been unable to pursue those cases due to his limited access to the materials. Accordingly, Count 2 is **DISMISSED without prejudice.**

## Count 3

At this stage, Plaintiff's allegations state a viable access to the courts claim against Pannier

7

for denying him adequate access to the law library. Plaintiff alleges that as a result of his limited access and denial of access to materials, he has been unable to file time sensitive court filings in his habeas cases (Doc. 13, p. 8). *Marshall*, 445 F.3d at 968; *Ortiz*, 561 F.3d at 671. Thus, Count 3 shall proceed against Pannier.

## Motion for Equitable Relief

With his Amended Complaint, Plaintiff submitted an Emergency Motion for Equitable Relief (Doc. 14). Plaintiff seeks a transfer back to Robinson Correctional Center ("Robinson") where he was previously housed. Plaintiff argues that Robinson's law library has better storage areas and e-filing capabilities so that he can better pursue his civil and habeas claims both in Federal and State court. Plaintiff has not, however, shown a likelihood of success on the merits. A prison system is not required to provide unlimited access to a law library, even for *pro se* litigants. *Martin v. Davies*, 917 F.2d 226, 240 (7th Cir. 1990), *cert. denied*, 501 U.S. 1208 (1991). Although Plaintiff complains about a number of aspects of Vienna's law library, he does acknowledge that he has some access to the law library and legal materials just not as much as he was receiving at Robinson (Doc. 13, pp. 5-6). He indicates that he has been allowed several visits to the law library during his time at Vienna (*Id*.). There is no indication that he is being denied all access to the law library. Thus, the Court does not find any facts which would warrant a transfer back to Robinson. The motion is **DENIED**.

## Motion for Counsel

In his Motion for Counsel (Doc. 4), Plaintiff indicates that he has sent a number of letters seeking representation. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of

counsel ... cannot be gauged.").[2] Further, the Court notes that the defendant has not yet been served nor has a discovery schedule been entered. Thus, counsel is not needed at this early stage. Therefore, Plaintiff's Motion for Counsel (Doc. 4) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, Vienna Mail Room Staff #1-10, IDOC, Vienna Correctional Center, Serina Lane, Rob Jeffrys, Sarah Robertson, Matthew Swells, John Barwick, and Travis Bayler are **DISMISSED without prejudice**. Count 1 is **DISMISSED without prejudice**. Count 2 against Catherine Wright is **DISMISSED without prejudice**. Count 3 shall proceed against Karen Pannier. The Clerk is **DIRECTED** to **TERMINATE** Vienna Mail Room Staff #1-10, IDOC, Vienna Correctional Center, Serina Lane, Rob Jeffrys, Sarah Robertson, Matthew Swells, John Barwick, Catherine Wright, and Travis Bayler from the docket.

The Clerk of Court shall prepare for Defendant Karen Pannier: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/6/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify defendant of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**