IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| PETER GAKUBA, #M52946, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01274-NJR |
| ) | |
| WRIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, KARIN PANNIER, by and through her attorney, KWAME RAOUL, Attorney General of the State of Illinois, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby provide her Answer to Plaintiff's Complaint [Doc 13], in accordance with the Southern District Administrative Order No. 244 and this Court's Merit Review [Doc. 17]:

## The Amended Complaint

Plaintiff makes the following allegations in his Amended Complaint (Doc. 13): After transferring to Vienna Correctional Center ("Vienna") from Robinson Correctional Center ("Robinson") on September 4, 2019, Plaintiff was taken to his legal materials on September 5, 2019, where he learned from Catherine Wright that the legal documents were in a heap and covered in boot prints. Wright stated that she had never seen anything like that and called Warden John Barwick to photograph the documents (*Id.*). Barwick photographed Plaintiff's legal materials and contacted Robinson to determine what happened to Plaintiff's documents. Plaintiff was then instructed to place the documents in plastic boxes. Plaintiff wrote an emergency grievance about the state of his legal documents and asked that the photographs taken by Barwick be preserved. The grievance was deemed not to be an emergency by Warden Swells, and it was then denied by

counselor Lane, grievance officer Robertson, Administrative Review Board Director Bayer, and IDOC Director Jeffreys (*Id*.).

**RESPONSE: Defendant admits that Plaintiff's records from the IDOC contain grievances regarding his legal materials, but has insufficient information or knowledge regarding Plaintiff's allegations as described in this paragraph to formulate a belief about the truth of Plaintiff's remaining allegations. Further, all claims except Count 3 were dismissed at Merit Review on January 6, 2020. [Doc. 17].**

From September 5, 2019, to the present, Wright has limited Plaintiff's access to his legal documents to two visits per week for thirty minutes each visit (Doc. 1, pp. 4-5). Plaintiff does not believe that is enough time to organize fourteen boxes of legal documents covering all of his cases. He also has limited access to the law library at Vienna. From September 4, 2019, to December 4, 2019, Plaintiff was only able to access the library twelve times for 90 minutes each time (*Id*. at p. 5). The law librarian, Karen Pannier, also refuses to allow Plaintiff to photocopy reference materials and to provide him with legal materials including paper, envelopes, and pens and pencils (*Id*. at p. 6). As a result of Pannier's actions, Plaintiff's habeas filings have been late or went missing (*Id*. at p. 8).

**RESPONSE: Defendant admits that she schedules Plaintiff for law library time as requests are received, and in coordination with requests received from other offenders at Vienna. Defendant admits that she is unable to make copies of anything other than court documents for Plaintiff due to his trust account balance. Defendant admits that she is unable to provide him paper, envelopes, and pencils, but denies that she has failed to provide him with pens.**

**Defendant has insufficient information or knowledge to form a belief about the truth of the remaining allegations contained in this paragraph.**

Plaintiff also notes that he has had forty pieces of mail that was sent to courts go missing or arrive late (*Id*. at p. 6). Plaintiff submitted a grievance about his mail but Swells deemed it a non-emergency.

**RESPONSE: Defendant admits that Plaintiff's records from the IDOC contain grievances regarding his mail, but has insufficient information or knowledge to form a belief about the truth of the remaining allegations in this paragraph. Further, all claims except Count 3 were dismissed at Merit Review. [Doc. 17].**

Count 1:   First and/or Fourteenth Amendment access to courts claim against Catherine Wright, John Barwick, Matthew Swells, Serina Lane, Sarah Robertson, Travis Bayler, and Rob Jeffreys for the destruction of his legal documents.

**RESPONSE:  Defendant has insufficient information or knowledge regarding to form a belief about the truth of Plaintiff's allegations in this paragraph. Further, all claims except Count 3 were dismissed at Merit Review. [Doc. 17].**

Count 2:   First and/or Fourteenth Amendment access to courts claim against Catherine Wright for denying him adequate access to his legal documents.

**RESPONSE: Defendant has insufficient information or knowledge to form a belief about the truth of Plaintiff's allegations in this paragraph. Further, all claims except Count 3 were dismissed at Merit Review. [Doc. 17].**

Count 3: First and/or Fourteenth Amendment access to courts claim against Karen Pannier for limiting his access to the law library and legal materials. Plaintiff alleges that Pannier denied him adequate access to the law library. He alleges that as a result of his limited access and denial of access to materials, he has been unable to file time sensitive court filings in his habeas cases. (Doc. 13, p. 8).

**RESPONSE: Defendant denies that she violated Plaintiff's Constitutional rights. Defendant denies the allegations contained in this paragraph, and specifically denies that she limited or denied him access to the law library or his legal materials or denied him access to the courts.**

### JURY DEMAND

Defendant demands a trial by jury in this matter.

### AFFIRMATIVE DEFENSE

**A. Administrative Exhaustion**

Plaintiff has filed suit concerning incidents which occurred while Plaintiff was incarcerated within the Department of Corrections. Plaintiff has failed to properly exhaust administrative remedies as he is required prior to filing suit under 42 U.S. C. §1983 and his claims are, therefore, barred by the Prison Litigation Reform act (42 U.S. C. §1997e(a)) and *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999); *Pavey v. Conley*, 544 F.3d, 739, 749 (7th Cir. 2008).

**B. Qualified Immunity**

At all relevant times, Defendant acted in good faith in the performance of her official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is, therefore, protected from suit by the doctrine of qualified immunity.

### C.  Eleventh Amendment Sovereign Immunity

Plaintiff's claims for monetary damages against Defendant in her official capacity Is precluded by the Eleventh Amendment, which bars an action for damages in Federal Court against a State or a State official sued in his official capacity.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully request that this Honorable Court enter judgment in her favor and against Plaintiff, and deny any and all relief requested by Plaintiff in this matter.

        Respectfully submitted,

        KARIN PANNIER,

            Defendant,

        KWAME RAOUL, Attorney General,
        State of Illinois,

            Attorney for Defendant,

Carla G. Tolbert #6305104
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8781        BY:   s/ Carla G. Tolbert
                                    Carla G. Tolbert #6305104
                                    Assistant Attorney General

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| PETER GAKUBA, #M52946, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01274-NJR |
| ) | |
| WRIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2020, the foregoing document, <u>Answer and Affirmative Defense</u>, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Peter Gakuba #M52946
VIENNA CORRECTIONAL CENTER
6695 State Route 146 East
Vienna, IL 62995

Respectfully Submitted,

s/ Carla G. Tolbert _____
Carla G. Tolbert #6305104
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone: (618) 236-8781
Fax: (618) 236-8620
E-Mail:  ctolbert@atg.state.il.us