# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| PETER GAKUBA, #M52946, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-01274-NJR |
| WRIGHT, et al., | ) ) ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, TERRY GRISSOM, as WARDEN OF VIENNA CORRECTIONAL CENTER, by and through his attorney, KWAME RAOUL, Attorney General of the State of Illinois, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby provides his Answer to Plaintiff's Complaint [Doc 13], in accordance with the Southern District Administrative Order No. 244, this Court's Merit Review [Doc. 17], and Order at d/e 39:

## The Amended Complaint

Plaintiff makes the following allegations in his Amended Complaint (Doc. 13): After transferring to Vienna Correctional Center ("Vienna") from Robinson Correctional Center ("Robinson") on September 4, 2019, Plaintiff was taken to his legal materials on September 5, 2019, where he learned from Catherine Wright that the legal documents were in a heap and covered in boot prints. Wright stated that she had never seen anything like that and called Warden John Barwick to photograph the documents (*Id.*). Barwick photographed Plaintiff's legal materials and contacted Robinson to determine what happened to Plaintiff's documents. Plaintiff was then instructed to place the documents in plastic boxes. Plaintiff wrote an emergency grievance about the state of his legal documents and asked that the photographs taken by Barwick be preserved. The

grievance was deemed not to be an emergency by Warden Swells, and it was then denied by counselor Lane, grievance officer Robertson, Administrative Review Board Director Bayer, and IDOC Director Jeffreys (*Id*.).

**RESPONSE: Pursuant to d/e 38, the Warden of Vienna Correctional Center was added as a Defendant to respond to Plaintiff's Motion for Preliminary Injunction. Defendant admits that Plaintiff's records from the IDOC contain grievances regarding his legal materials, but has insufficient information or knowledge regarding Plaintiff's allegations as described in this paragraph to formulate a belief about the truth of Plaintiff's remaining allegations. Further, all claims except Count 3 were dismissed at Merit Review on January 6, 2020. [Doc. 17].**

From September 5, 2019, to the present, Wright has limited Plaintiff's access to his legal documents to two visits per week for thirty minutes each visit (Doc. 1, pp. 4-5). Plaintiff does not believe that is enough time to organize fourteen boxes of legal documents covering all of his cases. He also has limited access to the law library at Vienna. From September 4, 2019, to December 4, 2019, Plaintiff was only able to access the library twelve times for 90 minutes each time (*Id*. at p. 5). The law librarian, Karen Pannier, also refuses to allow Plaintiff to photocopy reference materials and to provide him with legal materials including paper, envelopes, and pens and pencils (*Id*. at p. 6). As a result of Pannier's actions, Plaintiff's habeas filings have been late or went missing (*Id*. at p. 8).

**RESPONSE: Pursuant to d/e 38, the Warden of Vienna Correctional Center was added as a Defendant to respond to Plaintiff's Motion for Preliminary Injunction. Defendant has insufficient information or knowledge regarding Plaintiff's allegations as described in this**

paragraph to formulate a belief about the truth of Plaintiff's remaining allegations. Further, all claims except Count 3 were dismissed at Merit Review on January 6, 2020. [Doc. 17].

Plaintiff also notes that he has had forty pieces of mail that was sent to courts go missing or arrive late (*Id*. at p. 6). Plaintiff submitted a grievance about his mail but Swells deemed it a non-emergency.

**RESPONSE: Pursuant to d/e 38, the Warden of Vienna Correctional Center was added as a Defendant to respond to Plaintiff's Motion for Preliminary Injunction. Defendant has insufficient information or knowledge regarding Plaintiff's allegations as described in this paragraph to formulate a belief about the truth of Plaintiff's remaining allegations. Further, all claims except Count 3 were dismissed at Merit Review on January 6, 2020. [Doc. 17].**

Count 1:   First and/or Fourteenth Amendment access to courts claim against Catherine Wright, John Barwick, Matthew Swells, Serina Lane, Sarah Robertson, Travis Bayler, and Rob Jeffreys for the destruction of his legal documents.

**RESPONSE:   Pursuant to d/e 38, the Warden of Vienna Correctional Center was added as a Defendant to respond to Plaintiff's Motion for Preliminary Injunction. Defendant has insufficient information or knowledge regarding Plaintiff's allegations as described in this paragraph to formulate a belief about the truth of Plaintiff's remaining allegations. Further, all claims except Count 3 were dismissed at Merit Review on January 6, 2020. [Doc. 17].**

Count 2:   First and/or Fourteenth Amendment access to courts claim against Catherine Wright for denying him adequate access to his legal documents.

**RESPONSE: Pursuant to d/e 38, the Warden of Vienna Correctional Center was added as a Defendant to respond to Plaintiff's Motion for Preliminary Injunction. Defendant has insufficient information or knowledge regarding Plaintiff's allegations as described in this**

**paragraph to formulate a belief about the truth of Plaintiff's remaining allegations. Further, all claims except Count 3 were dismissed at Merit Review on January 6, 2020. [Doc. 17].**

Count 3: First and/or Fourteenth Amendment access to courts claim against Karen Pannier for limiting his access to the law library and legal materials. Plaintiff alleges that Pannier denied him adequate access to the law library. He alleges that as a result of his limited access and denial of access to materials, he has been unable to file time sensitive court filings in his habeas cases. (Doc. 13, p. 8).

**RESPONSE: Pursuant to d/e 38, the Warden of Vienna Correctional Center was added as a Defendant to respond to Plaintiff's Motion for Preliminary Injunction. Defendant has insufficient information or knowledge regarding Plaintiff's allegations as described in this paragraph to formulate a belief about the truth of Plaintiff's remaining allegations. Further, all claims except Count 3 were dismissed at Merit Review on January 6, 2020. [Doc. 17].**

## JURY DEMAND

Defendant demands a trial by jury in this matter.

## AFFIRMATIVE DEFENSE

A. Administrative Exhaustion

Plaintiff has filed suit concerning incidents which occurred while Plaintiff was incarcerated within the Department of Corrections. Plaintiff has failed to properly exhaust administrative remedies as he is required prior to filing suit under 42 U.S. C. §1983 and his claims are, therefore, barred by the Prison Litigation Reform act (42 U.S. C. §1997e(a)) and *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999); *Pavey v. Conley*, 544 F.3d, 739, 749 (7th Cir. 2008).

### B. Qualified Immunity

At all relevant times, Defendant acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is, therefore, protected from suit by the doctrine of qualified immunity.

### A. Injunctive Relief Barred

To the extent Plaintiff is suing Defendant for injunctive relief that is not intended to address ongoing constitutional violations, the Eleventh Amendment, sovereign immunity, and the Prison Litigation Reform Act bar such claims.

### C. Eleventh Amendment Sovereign Immunity

Any claims for monetary damages against Defendant in his official capacity are precluded by the Eleventh Amendment, which bars an action for damages in Federal Court against a State or a State official sued in his official capacity.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully request that this Honorable Court enter judgment in his favor and against Plaintiff, and deny any and all relief requested by Plaintiff in this matter.

        Respectfully submitted,

        TERRY GRISSOM, as WARDEN OF VIENNA CORRECTIONAL CENTER

            Defendant,

        KWAME RAOUL, Attorney General,
        State of Illinois,

            Attorney for Defendant,

Carla G. Tolbert #6305104
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8781        BY:   s/ Carla G. Tolbert
                           Carla G. Tolbert #6305104
                           Assistant Attorney General

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| PETER GAKUBA, #M52946, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01274-NJR |
| ) | |
| WRIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, the foregoing document, <u>Answer and Affirmative Defenses</u>, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Peter Gakuba #M52946
VIENNA CORRECTIONAL CENTER
6695 State Route 146 East
Vienna, IL 62995

Respectfully Submitted,

s/ Carla G. Tolbert _____
Carla G. Tolbert #6305104
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone: (618) 236-8781
Fax: (618) 236-8620
E-Mail: ctolbert@atg.state.il.us