IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PETER GAKUBA,** | |
| **Plaintiff,** | |
| v. | Case No. 19-cv-1274-NJR |
| **KARIN PANNIER,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Peter Gakuba's motion for sanctions, breach of protective order, and hearing requested (Doc. 63). Defendant Karin Pannier has filed a response (Doc. 64) in opposition to the motion. Gakuba has filed a reply (Doc. 65).

Gakuba's motion for sanctions alleges that he was told by a "jailhouse snitch" that the Illinois Attorney General's Office was preparing civil commitment proceedings against him and that the snitch learned about these proceedings from someone in the administration at Vienna Correctional Center. Gakuba assumes, without offering any evidence, that Defendants or counsel in this case released his prison records. He requests sanctions and an order from the Court compelling the Attorney General to inform him as to whether they intend to pursue civil commitment proceedings.

The Court notes that Gakuba fails to offer a procedural basis for his motion for sanctions. He argues that Defendants violated the protective order by releasing his prison records, but there is no protective order in this case. The Court did enter an initial

scheduling order allowing for initial disclosures, but those disclosures do not include any information that Gakuba purports was released. Although Federal Rule of Civil Procedure 37(b)(2)(A) allows for sanctions when a party "fails to obey an order to provide or permit discovery," the Court finds no such violation. Gakuba fails to present any evidence of a protective order or that Defendants in this case released information to the jailhouse snitch.

To the extent Gakuba seeks a sanction under Federal Rule of Civil Procedure 11, that motion also fails. That rule deals with representations made to the Court by an attorney or unrepresented party, but Gakuba does not appear to attack any representations made to the Court. Rather he alleges that counsel or Defendants disclosed his prison records to another inmate. Thus, Rule 11 is not a proper procedure for Gakuba's request for sanctions.

Finally, the Court notes that Gakuba's allegations are unrelated to the claims in this case. This case focuses on a single count against Karen Pannier for allegedly limiting his access to the law library and legal materials (Doc. 17).[1] His allegations in his motion for sanctions relate to the release of information regarding a possible civil commitment proceeding. Gakuba fails to offer any evidence that Pannier participated in the release of this information or that the release was related to discovery proceedings in this case. Any potential civil commitment proceeding is not the subject of his present lawsuit. If Gakuba feels that his constitutional rights have been violated, he may file a new lawsuit after first

---

[1] Terry Grissom, the warden at Vienna, is only in the case in his official capacity to the extent Gakuba seeks injunctive relief.

exhausting his administrative remedies. But he offers no evidence, beyond his own mere speculation, that any of the participants in this case released his prison records to other inmates.

Accordingly, the Court **DENIES** Gakuba's motion for sanctions (Doc. 63).

**IT IS SO ORDERED.**

DATED:   November 17, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**